UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KIM NGUYEN, | ) | |
| Plaintiff | ) | Civil Action No.: 1-24-cv-10588-ADB |
| | ) | |
| vs. | ) | |
| | ) | |
| ANTHONY HO, | ) | |
| Defendant | ) | |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS THE AMENDED COMPLAINT

Now comes the Defendant, Anthony Ho, ("Defendant"), in the above-captioned case, and moves pursuant to F. R. Civ. P 12 (b) (6) for a dismissal of all Counts in the Amended Complaint for failure to state a claim upon which relief can be granted and/or the applicable statute of limitation has expired.

The Plaintiff, Kim Nguyen ("Plaintiff"), filed the Amended Verified Complaint for Count I-Breach of Contract, Count II-Fraud, Count III-Fraud in the Inducement, Count IV-Unjust Enrichment, and Count V-Chapter 93A.

## MOTION TO DISMISS STANDARD (F.. R. CIV. P. 12(b)(6))

The purpose of a motion to dismiss, pursuant to F. R. Civ. P. 12(b)(6) is to test the sufficiency of a complaint and not to decide the merits of the complaint. *Andrews-Clarke v. Lucent Techs., Inc.* 157 F. Supp. 2d 93, 98 (D. Mass. 2001), *Brum v. Town of Dartmouth*, 44 Mass. App. Ct. 318, 322, 690 N.E.2d 844 (1998) citing *Mmoe v. Commonwealth*, 393 Mass. 617, 619-20, 473 N.E. 2d 169 (1985).

In making this determination, the Court must accept plaintiff's allegations as true and construe them in the light most favorable to plaintiff, although the Court need not credit bald assertions or unverifiable conclusions. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949–1950 (2009).  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires pleadings to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal,* 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). Further, a complaint fails to state a claim on which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.*

### ARGUMENTS

### COUNT I BREACH OF CONTRACT FAILS TO STATE A CLAIM FOR RELIEF

A claim of breach of contract under Massachusetts law requires a plaintiff to demonstrate that: 1) there was an agreement between the parties, 2) the agreement was supported by consideration, 3) the plaintiff was ready, willing, and able to perform his or her part of the contract, 4) the defendant committed a breach of the contract and 5) the plaintiff suffered harm as a result. See *Bulwer v. Mount Auburn Hosp.*, 473 Mass. 672, 690, 46 N.E.3d 24, 39 (2016) and *Thermal Eng'g Int'l (USA) Inc. v. Lanaville*, 646 F. Supp. 3d 202, 205 (D. Mass. 2022).

The Plaintiff has failed to state any of the terms of the purported contract with the Defendant, such as the consideration, the promise to repay, and when it was to be repaid along with any interest to be paid.  A contract is defined as "a promise or set of promises for the breach

of which the law gives a remedy, or the performance of which the law in some way recognizes as a duty". Restatement (Second) of Contracts §1 (1981). Restatement (Second) of Contracts §2 defines a promise as "a manifestation of intention to act or refrain from acting in a specified way, so made as to justify a promise in understanding that a commitment has been made." In this lawsuit, there is no fact to support a written or oral contract. The Plaintiff failed to offer more than "labels" and "conclusions".

The Plaintiff also failed to state where the contract was purportedly made and which state law governed the alleged contract i.e., whether in Massachusetts or Michigan. The place where the alleged contract was made is critical for the Court as to what law governs or governed an alleged breach of contract. The allegation in the Amended Complaint paragraph #4 "These loans were made between August 18, 2019 and March 20, 2020." failed to state what the offer was for and what was the consideration and any alleged promise to repay the alleged loan and when it was to be repaid. The allegation that the Plaintiff loaned $149,017.90 to the Defendant is a legal conclusion and thus this claim must be dismissed.

Further complicating the allegations in Count I for breach of contract was an allegation that the Plaintiff and Defendant were "in a relationship" and that the parties broke off their relationship "Shortly after the loans were made…." This frankly may be the basis for a "gift" or other special accommodation or arrangement, especially coupled with the complete absence of any allegations of any promise to repay such alleged funds or any details showing a promise to repay and when it was to be repaid. Of particular note was the fact that the count failed to allege any interest to be charged and any allegations of repayment leading to an inference that perhaps this was a gift or some other type of a special relationship or special arrangement. Also, the promise of repayment

3

and when and how it was to be repaid are critical allegations that must be pleaded to avoid any issue of anticipatory repudiation or the like.

Also, this claim must be dismissed for failure to comply with a condition precedent as required under Fed. R. Civ. P. Rule 9(c).  In the Amended Complaint, Plaintiff alleges that "…Defendant promised to repay the same when he obtained lucrative employment." There are no allegations in the Amended Complaint that all conditions precedent have occurred or been performed as required under Rule 9C.  This claim must be dismissed for failure to comply with Rules 9C and 12(b)(6).

## **COUNT II FRAUD**

Fed. R. Civ. P. Rule 9(b) states "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other condition of the mind of a person may be averred generally."  In order to recover on a claim for fraud or misrepresentation, the plaintiff must show that (1) the defendant made a false statement (2) of material fact (3) to induce a plaintiff to act, and (4) the plaintiff relied on the false statement to (5) his detriment.  *Cronin v. Teamsters Union Local 25, Int'l Bhd. of Teamsters*, 2007 Mass. Super. LEXIS 22, 15 (Mass. Super. Ct. Jan 10, 2007) quoting *Zimmerman v. Kent*, 31 Mass.App.Ct. 72, 77, 575 N.E2d 70 (1991).  The plaintiff failed to allege with specificity the time, date, and substance of any fraudulent statements of inducement.  Plaintiff failed to offer more than "labels" and "conclusions".  This claim must be dismissed for failure to meet the specificity requirements of Rul 9(b).  See, *U.S. ex rel. Ge v. Takeda Pharmaceutical Co. Ltd*., 737 F.3d 116 (1 st Cir. 2013), cert. denied, 135 S. Ct. 53, 190 L. Ed. 2d 30 (2014); *Whelan v. Intergraph Corp*., 889 F. Supp. 15, 130 Lab. Cas. (CCH) P 57994 (D. Mass. 1995); *Presto v. Sequoia Systems, Inc*., 633 F. Supp. 1117 (D. Mass. 1986).

Also, since the Amended Complaint alleges that the loans were made between August 2019 and March 2020, the three (3) year tort statute of limitation bars this claim. This claim is barred by the three (3) year tort statute of limitation. M.G.L.c. 260, § 2A. *First Choice Armor & Equipment, Inc. v. Toyobo America, Inc.* 839 F. Supp. 2d 407 (D. Mass 2012); and *Rice v. Santander Bank, N.A.*, 196 F. Supp. Ed (D. Mass. 2016. Furthermore, the Amendment would not cure the fact that this claim is time-barred.

### **COUNT III-FRAUD IN THE INDUCEMENT FAILS TO STATE A CLAIM FOR RELIEF**

Fed. R. Civ. P. Rule 9(b) states "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." In order to recover on a claim for fraud or misrepresentation, a plaintiff must show that (1) the defendant made a false statement (2) of material fact (3) to induce a plaintiff to act, and (4) the plaintiff relied on the false statement to (5) her detriment. *Cronin v. Teamsters Union Local 25, Int'l Bhd. of Teamsters*, 2007 Mass. Super. LEXIS 22, 15 (Mass. Super. Ct. Jan 10, 2007) quoting *Zimmerman v. Kent*, 31 Mass.App.Ct. 72, 77, 575 N.E2d 70 (1991). The plaintiff failed to allege with any specificity the time, date, and substance of any fraudulent statements of inducement. The Plaintiff failed to offer more than "labels" and "conclusions". This claim must be dismissed for failure to meet the specificity requirements of Rule 9(b). See, *U.S. ex rel. Ge v. Takeda Pharmaceutical Co. Ltd.*, 737 F.3d 116 (1st Cir. 2013), cert. denied, 135 S. Ct. 53, 190 L. Ed. 2d 30 (2014); *Whelan v. Intergraph Corp.*, 889 F. Supp. 15, 130 Lab. Cas. (CCH) P 57994 (D. Mass. 1995); *Presto v. Sequoia Systems, Inc.*, 633 F. Supp. 1117 (d. Mass. 1986).

Also, since the Amended Complaint alleges that the loans were made between August 2019 and March 2020, the three (3) year tort statute of limitation bars this claim. This claim is barred by the three (3) year tort statute of limitation. M.G.L.c. 260, § 2A. *First Choice Armor & Equipment, Inc. v. Toyobo America, Inc.* 839 F. Supp. 2d 407 (D. Mass 2012); and *Rice v. Santander Bank, N.A.*, 196 F. Supp. Ed (D. Mass. 2016). Furthermore, the Amendment would not cure the fact that this claim is time-barred.

## COUNT IV UNJUST ENRICHMENT

To recover for unjust enrichment the plaintiff must prove "(1) that it conferred a measurable benefit upon the defendants; (2) that the claimant reasonably expected compensation from the defendants; and (3) that the defendants accepted the benefit with the knowledge, actual or chargeable, of the claimant's reasonable expectation." *Finard & Co., LLC v. Sitt Asset Mgmt.*, 79 Mass. App. Ct. 226, 229 (2011); *Stewart Title Guar. Co. v. Kelly*, 97 Mass. App. Ct. 325, 335 (2020). Merely conferring a benefit does not alone establish a cause for restitution it must be unjust, and when "determining if a party has been unjustly enriched, courts heavily weigh considerations of equity and morality." *Lexington Ins. Co. v. CareCore Nat., LLC, No.* SUCV2012-01782-BLS2, 2014 WL 7477718 (Mass. Super. July 18, 2014) (citing *Salamon v. Terra*, 394 Mass. 857 (1985)); Restatement (Third) of Restitution and Unjust Enrichment § 2 (2011). Plaintiff may only recover for unjust enrichment if she expected that defendant would pay." *La Chance v. Rigoli*, 325 Mass. 425, 427 (1950); *Thomas F. Welch & Assocs., Inc. v. Feldman, No.* 2084CV00537BLS1, 2020 WL 8182915, 6 (Mass. Super. Oct. 8, 2020).

There are no facts alleged in the Amended Complaint as to when and how the money was to be repaid and with or without interest or the like. Also, the Amended Complaint failed to comply

with a condition precedent as required under Fed. R. Civ. P. Rule 9(c). In the Amended Complaint, Plaintiff alleges that "…Defendant promised to repay the same when he obtained lucrative employment." There are no allegations in the Amended Complaint that all conditions precedent have occurred or been performed as required under Rule 9C. Therefore, this Count must be dismissed for failure to comply with Rules 9C and 12(b)(6).

### CCOUNT V CHAPTER 93A UNFAIR AND DECEPTIVE BUSINESS PRACTICES

This claim must be dismissed as the parties are individuals and did not engage in trade or business. M.G.L. c. 93A, §2(a) states in relevant part that "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." M.G.L. c. 93A, §1(b) definitions states:

*"Trade" and "commerce" shall include the advertising, the offering for sale, rent or lease, the sale, rent, lease or distribution of any services and any property, tangible or intangible, real, personal or mixed, any security as defined in paragraph (k) of section four hundred and one of chapter one hundred and ten A and any contract of sale of commodity for future delivery, and any other article, commodity, or thing of value wherever situate, and shall include any trade or commerce directly or indirectly affecting the people of this commonwealth.*

M.G.L. c. 93A, §2 (a) prohibits unfair or deceptive acts or practices "in the conduct of any trade or commerce." The statute is intended to apply to individuals acting in a business context and is therefore not applicable "where the transaction is strictly private in nature and is in no way undertaken in the ordinary course of a trade or business." *Sullivan v. Five Acres Realty Trust*, 487 Mass. 64 (2021) quoting *Lantner v. Carson*, 374 Mass. 606, 607-608, 611, 373 N.E.2d 973 (1978);

7

*Begelfer v. Najarian*, 381 Mass. 177, 190, 409 N.E.2d 167 (1980).  In *Begelfer* the Court delineated several factors for determining if a defendant was acting in a business context:

"*...the nature of the transaction, the character of the parties, the activities engaged in by the parties, whether the transaction was motivated by business or personal reasons, whether similar transactions have been undertaken in the past, and whether played an active role in the transaction.*"

In this case, no facts are alleged in the Amended Complaint that the parties engaged in business or trade.  The parties were purportedly in an amorous relationship.  At all relevant times, the parties were working as employees in the dentistry field and never engaged in any business or trade as relates to the claims in this case.

## **CONCLUSION**

In summary, the Amended Complaint is barred by statute of limitation and is repleted with labels and conclusory allegations and statements without sufficient facts to state a claim upon which relief can be granted, and therefore, all claims must be dismissed.

        Respectfully submitted
        Defendant
        By his attorneys

        */s/ Jose C. Centeio    April 3, 2024*
        Jose C. Centeio, Esquire BBO #554440
        Alvin S. Nathanson, Esquire BBO #367480
        NATHANSON & GOLDBERG, P.C.
        183 State Street, 5th floor
        Boston, MA 02109
        Tel: 617-210-4815
        Fax. 617-210-4824
        jcc@natgolaw.com
        asn@natgolaw.com

**CERTIFICATE OF SERVICE**

I, Jose C. Centeio, hereby certify that on April 3, 2024, a true copy of the Motion to Dismiss the Amended Complaint, Memorandum of Law in Support of the Motion, and this Certificate of Service was served by the Court electronic filing system by First Class Mail and Email on the parties listed below:

glenhannington@aol.com
Glen Hannington, Esquire
LAW OFFICES OF GLEN HANNINGTON
Ten Post Office Square, 8th Floor
Boston, MA 02109

/s/ *Jose C. Centeio*_____
Jose C. Centeio BBO 554440