UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KIM NGUYEN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 24-cv-10588-ADB |
| | * | |
| ANTHONY HO, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Plaintiff Kim Nguyen ("Plaintiff" or "Nguyen") brings this action against Anthony Ho ("Defendant" or "Ho") for failure to repay a loan, alleging breach of contract (Count I), fraud (Count II), fraud in the inducement (Count III), unjust enrichment (Count IV), and violation of Chapter 93A, the Massachusetts consumer protection law (Count V). [ECF No. 16 ("Amended Complaint") or ("Am. Compl.")]. For the reasons set forth below, Defendant's motion to dismiss, [ECF No. 12], is **GRANTED** in part and **DENIED** in part.

**I.   BACKGROUND**

The following facts are taken primarily from the Amended Complaint, the well-pleaded factual allegations of which are assumed to be true when considering a motion to dismiss. See Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014). As it may on a motion to dismiss, the Court has also considered "documents incorporated by reference in [the amended

complaint], matters of public record, and other matters susceptible to judicial notice." Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008) (alteration in original) (quoting In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 20 (1st Cir. 2003)).

### A.     Factual Background

The parties are both dentists, with Plaintiff residing in Quincy, Massachusetts, and Defendant in Seattle, Washington. [Am. Compl. ¶¶ 1–2]. Plaintiff and Defendant were in a romantic relationship during their graduate studies at Tufts Dental School, Massachusetts, from which they earned degrees in 2019, until they amicably separated in 2020. [Id. ¶ 6]; [ECF No. 16-1 ("Nguyen Affidavit") ¶¶ 2, 8].

After graduating from dental school, Plaintiff became a practicing dentist and Defendant obtained a residency at the Department of Veterans' Affairs in Ann Arbor, Michigan. [Am. Compl. ¶¶ 7–8]. As Plaintiff was working full-time as a dentist and Defendant was still in his residency, the parties agreed that Plaintiff would pay Defendant's student loans during Defendant's residency, and that Defendant would pay her back "once he obtained more lucrative employment in the dental field." [Id. ¶ 9]. Between August 18, 2019, and March 20, 2020, Plaintiff made student loan payments totaling $149,017.90 on behalf of Defendant via his FedLoan Student Loan App (the "App"). [Id. ¶¶ 3–4, 10]. Plaintiff used the App "to make payments directly from her account." [Id. ¶ 12].

After the parties separated in 2020, Defendant removed Plaintiff's access to the App and blocked Plaintiff on social media platforms, including Venmo and Instagram. [Am. Compl. ¶¶ 11–12]. Defendant also stopped responding to Plaintiff's phone calls and texts. [Id. ¶ 11].

Plaintiff alleges she never intended that the payments toward Defendant's student loans would be a gift to Defendant. [Am. Compl. ¶ 20].

### B. Procedural History

Plaintiff's original complaint was filed in state court on approximately January 29, 2024, and on March 8, 2024, Defendant removed the action to this Court on diversity grounds pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a). [ECF No. 1 at ¶¶ 1, 4]. After Plaintiff filed an Amended Complaint on March 26, 2024, [ECF No. 10, Am. Compl.], Defendant moved to dismiss the Amended Complaint for failure to state a claim on April 3, 2024, [ECF No. 12], and Plaintiff opposed on April 15, 2024, [ECF No. 14].

## II. STANDARD OF REVIEW

Under Rule 12(b)(6), "a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Cardigan Mt. Sch. v. N.H. Ins. Co., 787 F.3d 82, 84 (1st Cir. 2015) (quoting Fed. R. Civ. P. 8(a)(2)). This pleading standard requires "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Rather, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

In addition, with respect to claims of fraud, Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). In the First Circuit, plaintiffs must set out "the who, what, where, and when of the allegedly false or fraudulent representation," In re Fin. Oversight & Mgmt. Bd. for P.R., 54 F.4th 42, 52 (1st Cir. 2022) (quoting Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 29 (1st Cir. 2004)), and "identify[] the basis for inferring scienter," Sterling Suffolk Racecourse, LLC v. Wynn Resorts, Ltd., 419 F. Supp. 3d 176, 189 (D. Mass. 2019) (quoting N. Am. Cath.

Educ. Programming Found., Inc. v. Cardinale, 567 F.3d 8, 13 (1st Cir. 2009)). "[T]he specificity requirement extends only to the particulars of the allegedly misleading statement itself. The other elements of fraud, such as intent and knowledge, may be averred in general terms." Rodi v. S. New Eng. Sch. of L., 389 F.3d 5, 15 (1st Cir. 2004) (citations omitted); see also Runyon v. Wellington Mgmt. Co., No. 13-cv-11236, 2015 WL 1276825, at *5 (D. Mass. Mar. 20, 2015) (noting that "reliance" is not subject to Rule 9(b)'s heightened pleading requirement).

### III. DISCUSSION

#### A. Breach of Contract (Count I)

Plaintiff alleges that Defendant breached an oral contract wherein she agreed to pay down his student loans and he agreed to repay her once he obtained more lucrative employment. See [Am. Compl.]. In the motion to dismiss, Defendant argues that Plaintiff's breach of contract claim falls short because she "has failed to state any of the terms of the purported contract with the Defendant, such as the consideration, the promise to repay, [] when it was to be repaid along with any interest to be paid," and "where the contract was purportedly made and which state law governed the contract." [ECF No. 13 at 2, 3]. Rather, Defendant asserts, Plaintiff's payments are more aptly characterized as a gift. [ECF No. 13 at 3]. Plaintiff responds that Defendant has not denied that Plaintiff paid $149,017.90 toward his student loans and that the money was received by Defendant's student loan service, indicating that a valid contract supported by consideration existed. [ECF No. 14 at 1-2].

In Massachusetts, "[t]o prevail on a claim for breach of contract, a plaintiff must demonstrate that there was an agreement between the parties; the agreement was supported by consideration; the plaintiff was ready, willing, and able to perform his or her part of the contract; the defendant committed a breach of the contract; and the plaintiff suffered harm as a result."

4

Bulwer v. Mount Auburn Hosp., 46 N.E.3d 24, 39 (Mass. 2016) (citing Singarella v. City of Bos., 173 N.E.2d 290, 291 (Mass. 1961)).[1]

Considering the facts in the light most favorable to Plaintiff, the Court finds that Plaintiff has adequately pled the existence of a valid oral contract.  Plaintiff made an offer to pay down Defendant's student loan, Defendant accepted and in turn promised to repay once he obtained more lucrative employment, Plaintiff paid, and Defendant benefited by avoiding the accrual of additional interest on his loans.[2]  [Am. Compl. ¶¶ 9, 14, 16–17]; see Hinchey v. NYNEX Corp., 144 F.3d 134, 142 (1st Cir.1998) ("In order for a contract to have valid consideration, the contract must be a bargained-for exchange in which there is a legal detriment of the promisee or a corresponding benefit to the promisor.") (alteration, quotations, and citations omitted).  Now, because of Defendant's refusal to perform under the agreement, Plaintiff has sustained damages

---

[1] In her opposition, Plaintiff focuses primarily on whether Massachusetts or Michigan law governs the Court's analysis as to whether a valid contract existed.  [ECF No. 14 at 2–3].  Given that there is no substantive difference between the two state laws, the Court applies Massachusetts law.  See El-Khalil v. Oakwood Healthcare, Inc., 934 N.W.2d 665, 672 (Mich. 2019) ("A party asserting a breach of contract must establish by a preponderance of the evidence that (1) there was a contract (2) which the other party breached (3) thereby resulting in [injury] to the party claiming breach." (quoting Miller-Davis Co. v Ahrens Constr., Inc., 848 N.W.2d 95, 104 (Mich. 2014))); Smith v. Prudential Ins. Co. of Am., 88 F.4th 40, 49 (1st Cir. 2023) ("[Courts] may 'avoid [a] conflicts question' if there is 'no reason to believe [the contending states' laws] differ[] in any relevant respect. . . .'" (second and third alterations in original) (quoting In re Pioneer Ford Sales, Inc., 729 F.2d 27, 31 (1st Cir. 1984))).

[2] Defendant's argument that Plaintiff failed "to comply with a condition precedent as required under Fed. R. Civ. P. Rule 9(c)" is unavailing.  [ECF No. 13].  Under Rule 9(c), a plaintiff is permitted to "allege generally that all conditions precedent have occurred or been performed."  Fed. R. Civ. P. 9(c).  Here, Plaintiff's representation that Defendant has obtained lucrative employment satisfies this standard.  [Am. Compl. ¶ 35]; Walton v. Nalco Chem. Co., 272 F.3d 13, 22 (1st Cir. 2001).

of $149,017.90. Although factual development may result in a different outcome, at this juncture, the Court cannot dismiss Plaintiff's breach of contract claim.

### B.     Fraud (Count II) and Fraudulent Inducement (Count III)

Plaintiff's claims for fraud and fraudulent inducement are both premised upon Defendant's alleged misrepresentations about repaying Plaintiff once he obtained more lucrative employment. [Am. Compl. ¶¶ 26–37]. Defendant replies that Plaintiff has failed "to allege with specificity the time, date, and substance of any fraudulent statements." [ECF No. 13 at 4].

"Because plaintiff[] must establish the same elements to satisfy both claims, both will be treated together." Armstrong v. Rohm & Haas Co., 349 F. Supp. 2d 71, 81 (D. Mass. 2004); see also Focused Impressions, Inc. v. Sourcing Grp., LLC, No. 19-cv-11307, 2020 WL 1235366, at *7 (D. Mass. Mar. 13, 2020) ("In Massachusetts, 'the standards for common law fraud and fraudulent inducement are the same[.]'") (alteration omitted) (quoting United States v. President & Fellows of Harvard Coll., 323 F.Supp. 2d 151, 199 (D. Mass. 2004) (citation omitted)).[3]

---

[3] Defendant cites only to Massachusetts law in relation to Counts II and III. Because fraud/induced fraud claims under Massachusetts and Michigan law are comparable in substance, the Court applies Massachusetts law. See Titan Ins. Co. v. Hyten, 817 N.W.2d 562, 567–68 (Mich. 2012); DBD Kazoo LLC v. W. Mich. LLC, No. 361299, 2024 WL 500208, at *6 (Mich. Ct. App. Feb. 8, 2024) ("[T]he elements of fraud are as follows: (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery."); Cord L.L.C. v. Rpf Oil Co., No. 304894, 2012 WL 3023197, at *2 (Mich. Ct. App. 2012) ("In order to establish fraud in the inducement, a party must show that '(1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew that it was false, or made it recklessly, without knowledge of its truth and as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damage.'" (quoting Custom Data Sols., Inc., 733

To state a claim for fraud based on an alleged misstatement, Plaintiff "must establish that: '(1) the statement was knowingly false, (2) defendants made the statement with the intent to deceive, (3) the statement was material, (4) plaintiff reasonably relied on the statement, and (5) plaintiff was injured as a result of its reliance.'" Katz v. Belveron Real Estate Partners, LLC, 28 F.4th 300, 310 (1st Cir. 2022) (quoting President & Fellows of Harvard Coll., 323 F. Supp. 2d at 199); see also Nash v. Trs. of Bos. Univ., 946 F.2d 960, 962–63 (1st Cir. 1991) (explaining that plaintiff must "establish a false representation material to the negotiations, upon which [it] reasonably relied in entering into the agreement"); Wollaston Indus., LLC v. Ciccone, No. 19-cv-10678, 2019 WL 6841987, at *2 (D. Mass. Dec. 16, 2019) (same); Singh v. Singh, 50 N.E.3d 219, 2016 WL 2771964, at *2 (Mass. App. Ct. May 13, 2016) (unpublished table decision) ("To establish fraud in the inducement, and thereby be relieved of the effect of [the agreement, the defendant] was required to establish the elements of common deceit, . . . which include misrepresentation of a material fact, made to induce action, and reasonable reliance on the false statement to the detriment of the person relying." (internal quotation marks and citations omitted)).

"A claim of fraud must also satisfy the particularity requirements set forth in Fed. R. Civ. P. 9(b), mandating 'specifics about the time, place, and content of the alleged false representations.'" Woods v. Wells Fargo Bank, N.A., 733 F.3d 349, 358 (1st Cir. 2013) (quoting Juárez v. Select Portfolio Servicing, Inc., 708 F.3d 269, 279–80 (1st Cir. 2013)). Put another

---

N.W.2d 102,105 (Mich. Ct. App. 2006))); see also Oraha v. Troy Motors, Inc., No. 358183, 2022 WL 3330152, at *3 (Mich. Ct. App. Aug. 11, 2022) (noting that the elements of fraud in the inducement are the same as the elements for common law fraud).

way, a plaintiff must "specify the who, what, where, and when of the allegedly false or fraudulent representation." Alt. Sys. Concepts, Inc., 374 F.3d at 29.

Here, based on the facts alleged in the Amended Complaint, the Court finds no basis for concluding that Defendant's statement "was knowingly false" or that he made it "with the intent to deceive." Plaintiff suggests that elements (1) and (2) are satisfied because Defendant has since obtained gainful employment and yet has made no effort to repay her. [Am. Compl. ¶¶ 19, 29]. Given the heightened pleading requirement, however, the attenuated inferences required to link these facts to knowledge and intent cannot carry the day, and the Court must dismiss Counts II and III.

### C. Unjust Enrichment (Count IV)

Defendant argues that Plaintiff's unjust enrichment claim fails because she has alleged no facts "as to when and how the money was to be repaid" and whether the repayment included "interest or the like," and further failed to comply "with a condition precedent as required under Fed. R. Civ. Rule 9(c)." [ECF No. 13 at 6–7]. Plaintiff responds that because Defendant knew that she paid $149,017.90 toward his student loans and that she made the payments with the expectation of being repaid once he obtained more lucrative employment, he should not "be permitted to retain [the benefit]." [ECF No. 14 at 3–4].

Massachusetts defines "[u]njust enrichment . . . as 'retention of money or property of another against the fundamental principles of justice or equity and good conscience.'"[4] Koufos

---

[4] Although the parties only apply Massachusetts law, the Court notes that the elements of unjust enrichment are the same under Michigan law. Custom Pack Sols., Inc. v. Great Lakes Healthcare Purchasing Network, Inc., No. 334815, 2018 WL 1020671, at *4 (Mich. Ct. App. Feb. 22, 2018) (requiring plaintiff to prove "(1) receipt of a benefit by the defendant from the plaintiff, and (2) an inequity resulting to plaintiff from defendant's retention of the benefit"

v. U.S. Bank, N.A., 939 F. Supp. 2d 40, 52 (D. Mass. 2013) (quoting Santagate v. Tower, 833 N.E.2d 171, 176 (Mass. 2005)).  "A plaintiff asserting a claim for unjust enrichment must establish not only that the defendant received a benefit, but also that such a benefit was unjust, 'a quality that turns on the reasonable expectations of the parties.'"  Metro. Life Ins. Co. v. Cotter, 984 N.E.2d 835, 850 (Mass. 2013) (quoting Global Invs. Agent Corp. v. Nat'l Fire Ins. Co., 927 N.E.2d 480 (Mass. App. Ct. 2010)).  As such, "[a] claim for unjust enrichment requires three elements: '(1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) acceptance or retention by the defendant of the benefit under the circumstances would be inequitable without payment for its value.'"  Koufos, 939 F. Supp. 2d at 52 (quoting Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 552 F.3d 47, 57 (1st Cir. 2009), decision clarified on denial of reh'g, 559 F.3d 1 (1st Cir. 2009)).  In Massachusetts, courts "emphasize the primacy of equitable concerns in a finding of unjust enrichment or quasi-contract."  Mass. Eye & Ear, 552 F.3d at 57.

Based on the well-pleaded facts alleged in the Amended Complaint, which the Court must accept as true, Plaintiff has stated a claim for unjust enrichment.  Plaintiff conferred a benefit upon Defendant by paying $149,017.90 toward his student loans; she did so with the expectation of repayment; and Defendant knew of and accepted the payments but has failed to reimburse Plaintiff.  [Am. Compl. ¶¶ 17–19, 39–41].  Accordingly, Count IV survives Defendant's motion to dismiss, notwithstanding the fact that the Court has also denied dismissal as to Count I.  See Lass v. Bank of Am., N.A., 695 F.3d 129, 140 (1st Cir. 2012) (noting that

---

(quoting Bellevue Ventures, Inc. v. Morang-Kelly Inv., Inc., 836 N.W.2d 898 (Mich. Ct. App. 2013))); see also Karaus v. Bank of N.Y. Mellon, 831 N.W.2d 897, 905 (Mich. Ct. App. 2012) (same).

although unjust enrichment and breach of contract are mutually exclusive theories of liability, at the pleading stage "it is accepted practice to pursue both theories").

### D. Chapter 93A (Count V)

Massachusetts' consumer protection statute, Chapter 93A, prohibits unfair or deceptive acts or practices "in the conduct of any trade or commerce." Sullivan v. Five Acres Realty Tr., 166 N.E.3d 463, 469 (Mass. 2021) (quoting Mass. Gen. Laws ch. 93A, § 2(a) (1978)).  The statute does not, as is the case here, apply "where the transaction is strictly private in nature, and is in no way undertaken in the ordinary course of a trade or business." Id. (quoting Lantner v. Carson, 373 N.E.2d 973, 975 (Mass. 1978)).  Count V is therefore dismissed.

## IV. CONCLUSION

For the reasons articulated above, Defendant's motion to dismiss, [ECF No. 12], is **GRANTED** in part and **DENIED** in part.  In sum, Counts I and IV are the surviving claims in this action.

**SO ORDERED.**

December 20, 2024                                             */s/ Allison D. Burroughs*
                                                              ALLISON D. BURROUGHS
                                                              U.S. DISTRICT JUDGE